**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fermin Enrique BERGOUIGNAN, Mark Daniel Simone, Ernesto Godoy,**
**Defendants-Appellants.**

**No. 84–3163.**

United States Court of Appeals,
Eleventh Circuit.

July 12, 1985.

Joel Kaplan, Miami, Fla., for Bergouignan.

H. Jay Stevens, Fed. Pub. Def., Orlando, Fla., for Simone.

Harry M. Solomon, Miami, Fla., for Godoy.

Kathleen A. O'Malley, Thomas W. Turner, Asst. U.S. Attys., Orlando, Fla., for plaintiff-appellee.

Before FAY and HENDERSON, Circuit Judges and NICHOLS *, Senior Circuit Judge.

ALBERT J. HENDERSON, Circuit Judge:

Fermin Enrique Bergouignan, Ernesto Godoy and Mark Daniel Simone were convicted in the United States District Court for the Middle District of Florida of conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute. On appeal, Bergouignan and Godoy assign as error the district court's denial of their motion to dismiss the indictment for a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1982) ("Act"). Godoy also complains that the district court abused its discretion in denying his motions for continuance. Simone contends that the district court erred in denying his motion to suppress evidence of marijuana residue on his clothes as well as his motion for a judgment of acquittal for lack of sufficient evidence to sustain his convictions.

FACTS AND PROCEDURAL BACKGROUND

During the late evening and early morning hours of July 12, 1981 through July 13, 1981, officers of the United States Customs Service and deputies of the Brevard County Sheriff's Department conducted a joint surveillance operation in the area of Port Canaveral, Florida. After observing several vessels enter and leave the port, officers boarded the CAPTAIN DAVE and the SHADOW during the early morning hours of July 13, 1981. Officers discovered numerous bales of marijuana on board the

* Honorable Philip Nichols, Jr., U.S. Senior Circuit Judge for the Federal Circuit, sitting by designation.

CAPTAIN DAVE and found Bergouignan in the forward hold of the vessel. They subsequently spotted Godoy and Simone hiding under a dock adjacent to the CAPTAIN DAVE. A complaint filed on July 14, 1981 charged all three appellants with conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute. The appellants entered their initial appearance that same day.

On July 28, 1981, the government filed a motion seeking an additional thirty days in which to file an indictment. The reason given in the motion for the extension was to allow the government more time to "fully investigate the rather complex facts upon which the grand jury will have to base its determination." The court granted the motion *ex parte* the same day. At a preliminary hearing on July 29, 1981, a magistrate found probable cause that the appellants had committed the charged offenses.

The government sought to dismiss the complaint in a motion filed on September 16, 1981. A magistrate granted the motion and entered an order of dismissal that day,[1] without specifying, however, whether the dismissal was with or without prejudice. On September 22, 1983, approximately twenty-six months after appellants' arrest, an indictment was returned by the grand jury charging the appellants with conspiracy to possess marijuana with intent to distribute and the substantive offense of possession with intent to distribute, the same charges contained in the original complaint. Bergouignan filed a motion to dismiss the indictment based upon a violation of the Speedy Trial Act on December 20, 1983. On that date, a magistrate apparently permitted Godoy to adopt Bergouignan's motion. Godoy subsequently filed a writ-

ten motion to this effect. The district judge denied the motion to dismiss on January 30, 1984. Godoy renewed the motion on the first day of trial but the court again denied the motion.

On January 31, 1984, Godoy sought a continuance of the trial in order to secure documentation from the Bahamian government favorable to his defense on the conspiracy charge. In the alternative, Godoy argued that in the event such documentation was unavailable due to the age of the case, his inability to obtain the material would serve as grounds for a motion to dismiss the indictment because of unnecessary and unexcused pre-indictment delay. The district court denied the motion beyond the February 6, 1984 scheduled trial date. Godoy renewed the motion on February 6, 1984 prior to commencement of the trial and again during the trial. The court denied the motion in both instances.

During the course of the trial, Simone moved to suppress laboratory reports disclosing traces of marijuana residue on the clothes taken from him at the time of his arrest. He alleged that the clothes were the fruits of an illegal seizure because there was no probable cause for his arrest. The district court denied the motion. At the conclusion of the evidence, Simone moved for a judgment of acquittal on the ground that the government had proved no more than his mere presence at the scene of the crime. The court also denied this motion. At the conclusion of the trial, all three appellants were found guilty as charged.

DISCUSSION

I. *Speedy Trial Act*

■ Under section 3161(b)[2] of the Act, a defendant must be indicted within thirty days of his arrest, unless the time is ex-

---

1. In its brief, the government states that it does not dispute the September 16, 1981 dismissal date. Appellee's Brief, at 2 n. 1. This being true, we do not perceive any reason for an evidentiary hearing to clarify the date on which the complaint was dismissed.

2. Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date

on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b) (1982).

tended for one of the reasons specified in section 3161(h). If the thirty-day time limit as extended is not met, the charges in the complaint must be dismissed. 18 U.S.C. § 3162(a)(1).[3] The trial judge may dismiss the complaint with or without prejudice. Section 3161(d)(1)[4] governs the relevant time period when a complaint is dismissed by the government and thereafter an indictment is filed. After dismissal of the complaint, the Act's time limits begin to run anew from the date of the filing of the subsequent complaint or indictment. *United States v. Puett*, 735 F.2d 1331, 1333–34 (11th Cir.1984).

The initial question to be addressed is whether the complaint was dismissed with-

in or without the sixty-day period for bringing the indictment. As noted earlier, the appellants were arrested on July 13, 1981. As required by section 3161(b), the government had until August 12, 1981 to procure an indictment absent any extension of time.[5] The government sought such an extension because the facts were unusually complex. The court granted this motion, thereby advancing the time for the return of an indictment to September 11, 1981. *See* 18 U.S.C. § 3161(h)(8)(B)(iii).[6] The government was apparently in no hurry because it failed to file an indictment prior to the expiration of this period. Instead, the government sought and obtained dismissal of the complaint on September 16,

---

3. If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.
18 U.S.C. § 3162(a)(1) (1976).

4. If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.
18 U.S.C. § 3161(d)(1) (1982).

5. The Speedy Trial Act does not furnish any guide for counting the thirty days between arrest and indictment. We count thirty days from the day of the arrest, excluding the day of the arrest itself. *See United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984) (date of arraignment excludable in computation).

6. (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

\* \* \* \* \* \*

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because ... the facts upon which the grand jury must base its determination are unusual or complex.
18 U.S.C. § 3161(h)(8) (1982).

Although appellants argue that the facts of this case were not so unusual or complex as to justify a continuance, they do not challenge the propriety of the district court's order granting the government an additional thirty days in which to return an indictment.

1981, sixty-five days after the appellants' arrest.

On the face of the record before us, it appears that the government sought and obtained dismissal of the complaint outside the sixty-day time limit for filing the indictment. The government asserted in the district court and now maintains on appeal, however, that the complaint was timely dismissed because a pretrial motion filed by one of the appellants yielded ten days of excludable time between the date of the appellants' arrest and dismissal of the complaint.[7] Therefore, the return of the indictment twenty-six months after the appellants' arrest did not violate the Act. *See* 18 U.S.C. § 3161(d)(1); *Puett,* 735 F.2d at 1333–34. The government accordingly urges us to remand the case to the district court for a determination as to the number of excludable days.

Given the district court's denial of the motion to dismiss the indictment, we can only infer that the district court accepted the government's bald assertion that the complaint was timely dismissed because there were ten days of excludable time in the period from arrest to dismissal of the complaint. When the government's failure to support its allegation of ten excludable days is coupled with the district court's failure to explain its reasons for denying the motion to dismiss,[8] however, we have no way of ascertaining whether the motion was properly denied. It is ironic that the government now asks us to provide it with an opportunity to do that which it should have done originally, i.e., document the excludable time. We cannot supply the missing components, however. Given the pauci-

ty of the record before us, we have no alternative but to remand to the district court for a determination of the number of excludable days, if any, between the arrest and the dismissal of the complaint. If the district court finds that there were excludable days and that the complaint was dismissed within the sixty-day time frame, the return of the indictment on September 22, 1983 was not contrary to the Act and the court properly denied the motion to dismiss. *See Puett,* 735 F.2d at 1333–34.

On the other hand, if the district court finds that there were insufficient excludable days and that the government dropped the charges after the time for indictment had elapsed, then the court must make a second determination. A similar situation was confronted by this court in *United States v. Dorman,* 752 F.2d 595 (11th Cir. 1985). The defendants were arrested in Omaha, Nebraska on December 8, 1982 and charged in a complaint filed in the United States District Court for the District of Nebraska on December 9, 1982. A second complaint was filed against the defendants in the Middle District of Florida on January 10, 1983. On January 11, 1983, the court dismissed the Nebraska complaint at the government's request. A five-count indictment was returned against the defendants in the Middle District of Florida on January 13, 1983. On appeal, the court agreed with the defendants that dismissal of the Nebraska complaint was required because no indictment was filed within thirty days of the arrest. The court, however, rejected the defendants' argument that the Florida indictment should be dismissed because it

---

7. The government has never identified the motion supposedly giving rise to this exclusion. In its "Opposition of United States to Motion of Defendant Bergouignan to Dismiss Indictment," the government alleged that ten days were excludable in the computation of the sixty-day period for filing the indictment because of the filing of an unspecified pretrial motion. Godoy filed a response to the government's opposition on December 30, 1983, in which he stated that he assumed the pretrial motion referred to by the government was his motion requesting the retention of rough notes. Godoy claimed that at the preliminary hearing on July 29, 1981, his counsel orally moved the court to order the

agents to retain their notes. The magistrate sustained the motion and directed that it be put in writing. Counsel subsequently filed a written motion on August 4, 1981. *See* Record, Vol. 1, at 97–102. In a supplemental memorandum, Godoy stated that at a hearing before the court on January 9, 1984, his counsel argued that the motion alluded to by the government was his motion to preserve rough notes. According to Godoy, the government declined to respond and chose to rely on its earlier opposition. *See id.* at 110–14.

8. The district court simply stamped "Denied" on the face of the motion.

was not filed within thirty days of the Nebraska complaint, stating that "the indictment would not be in violation of the Speedy Trial Act unless the dismissal of the Nebraska complaint should have been with prejudice." *Id.* at 597. The court found no fault with the ruling of the Florida district court that dismissal of the Nebraska complaint would have been without prejudice. *See also United States v. Bittle,* 699 F.2d 1201, 1207 (D.C.Cir.1983) ("When a complaint is dismissed after the thirty-day period for indictment has elapsed, and there is no determination whether the dismissal is with or without prejudice, a subsequently filed indictment should be dismissed only if the complaint should have been dismissed with prejudice.").

Therefore, following the *Dorman* analysis, if the district court finds that the government dismissed the complaint after the expiration of the sixty-day period for indictment, it must then determine whether that dismissal should have been with or without prejudice, taking into consideration the factors enumerated in section 3162(a)(1). *See United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir.1984) (per curiam) (proper dismissal sanction is a matter left to the sound discretion of the trial judge). If the trial court concludes that the complaint should have been dismissed with prejudice, the indictment should be dismissed and the conviction and sentence of Bergouignan and Godoy set aside. If the court determines that dismissal should be without prejudice, the Act would not be an impediment to their convictions. *See Dorman,* 752 F.2d at 598 ("Even when a complaint remains pending for more than 30 days, a defendant is not automatically entitled to have his conviction and sentence set aside unless the dismissal of complaint was or should have been with prejudice."); *United States v. Antonio,* 705 F.2d 1483, 1486–87 (9th Cir.1983) (indictment not filed within thirty-day time limit; appeals court vacated judgment and sentence but held

that because indictment had been subsequently filed and trial held, judgment and sentence could be reinstated if district court determined dismissal of charges in complaint was without prejudice).

## II. *Motions for Continuance*

■ The district court denied Godoy's motion for a continuance beyond the February 6, 1984 date set for trial. Godoy renewed the motion prior to trial and again before the testimony of a prosecution witness. The court denied the motion both times. Godoy claims that the denial of these motions was reversible error because it (1) deprived him of the ability to adequately defend against testimony tending to establish his participation in the conspiracy and (2) prevented him from going forward with his motion to dismiss for unexcused pre-indictment delay because he could not establish the requisite prejudice until he could actually document the unavailability of the supposedly exculpatory evidence. To prevail on this ground, Godoy must show that the denial of his motions for continuance was an abuse of discretion and that it resulted in specific substantial prejudice. *United States v. Smith,* 757 F.2d 1161, 1166 (11th Cir.1985).

■ Godoy had approximately four months from the return of the indictment to the time of trial in which to obtain the allegedly exculpatory documents. We do not doubt the diligence of counsel's efforts to procure the material. At the time the trial court considered his motions for continuance, however, Godoy could not demonstrate that his future efforts would be any more successful than those in the past. Since the trial court had no assurance that more time would produce the evidence, it did not abuse its discretion in denying Godoy's motions.[9]

## III. *Motion to Suppress*

Simone moved to suppress evidence of marijuana residue on his clothes as the

---

9. Godoy's reliance on the factors listed in 18 U.S.C. § 3161(h)(8)(B) as grounds for his assertion that the district court erred in denying his motions for continuance is misplaced. That

statute does not require courts to examine those factors in considering a motion for a continuance. *Smith,* 757 F.2d at 1166 n. 4.

fruit of an illegal arrest. The district court found sufficient probable cause for the arrest and denied the motion. Simone now attacks the district court's conclusion, contending that the facts and circumstances before the arresting officers revealed only his presence at a public marina.

The findings of fact by the district court in ruling on a motion to suppress are binding unless clearly erroneous. *United States v. Newbern*, 731 F.2d 744, 747 (11th Cir.1984). We cannot say that the district court erred in its finding here. Customs officers and Brevard County Sheriff's deputies, acting on a tip, placed the port under surveillance. During the early morning hours of July 13, 1981, they observed two ships enter the port area. Upon boarding the CAPTAIN DAVE, officers found numerous bales of marijuana and arrested two persons, including Bergouignan, on board the vessel. Shortly thereafter, they found Godoy and Simone hiding under a dock adjacent to the CAPTAIN DAVE at 3:30 a.m. These facts were "sufficient to cause a person of reasonable caution to believe that an offense [had] been or [was] being committed." *See United States v. Blasco*, 702 F.2d 1315, 1324 (11th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 276, 78 L.Ed.2d 256 (1983). The district court properly denied Simone's motion to suppress evidence of marijuana residue on his clothes.

#### IV. *Sufficiency of the Evidence*

Simone again refers to his "mere presence" at the dock to attack the sufficiency of the evidence underlying his conviction. In addition to the fact that officers found Simone and Godoy hiding under a dock in the early hours of the morning, they also removed a piece of paper from Godoy's possession which contained the words "SHADOW," "CAPTAIN DAVE," the "Captain Marine Supply Dock" (the dock where the CAPTAIN DAVE was seized), and a series of words that appeared to be a code. Further evidence of Simone's complicity in the marijuana scheme is found in the traces of marijuana residue on his clothes. Simone attempts to discount the impact of the evidence of marijuana residue by claiming that he was made to lie down on the deck of the CAPTAIN DAVE after his arrest. This argument is to no avail, however, because the officers also made Godoy lie down on the same part of the deck but no marijuana residue was found on his clothing. Viewing the facts and circumstances surrounding Simone's arrest in the light most favorable to the government and accepting all reasonable inferences which support the verdict, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942); *United States v. Russo*, 717 F.2d 545, 549 (11th Cir.1983), we find that a reasonable trier of fact could conclude that the evidence against Simone established guilt beyond a reasonable doubt. *See United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds,* 462 U.S. 456, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

We AFFIRM Simone's convictions on both counts and REMAND Bergouignan's and Godoy's speedy trial claims to the district court for findings consistent with Part I of this opinion.