[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 17, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-14817
Non-Argument Calendar

_____

D. C. Docket No. 04-20854-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL THOMAS JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 17, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Samuel Thomas Jones appeals the denial of his request for a continuance

during his sentencing hearing. Jones sought the continuance to allow him time to procure the testimony of his attorney challenging an Arizona conviction of Jones that was used to enhance Jones's sentence. Because Jones had sufficient time and opportunity to procure this testimony before he requested a continuance, the district court did not abuse its discretion when it denied Jones's request.

## BACKGROUND

Jones was indicted on November 4, 2004, on one count of possession with intent to distribute methamphetamine and one count of possession with intent to distribute MDMA ("Ecstacy"). 21 U.S.C. §§ 841(a)(1), (b)(1)(B). On February 24, 2005, the government filed a notice of intent to seek enhanced penalties based on Jones's 2002 Arizona felony conviction. 21 U.S.C. § 851. The enhancement increased Jones mandatory minimum sentence from 5 years to 10 years and increased his maximum sentence from 40 years to life imprisonment. On April 7, 2005, Jones pleaded guilty to both charges, without a written plea agreement. The district court set a sentencing hearing for June 27.

On June 23, Jones moved for a 30-day continuance to defend against the section 851 enhancement on the ground that he was challenging his Arizona state conviction as unconstitutional. The district court granted the continuance and rescheduled the sentencing hearing for August 8. At the August 8 hearing, Jones

2

requested another 48-hour continuance to produce his Arizona state court counsel or an affidavit from the state court counsel. The district court denied the continuance and proceeded with the sentencing hearing.

## STANDARD OF REVIEW

We review the denial of a request for continuance by the district court for an abuse of discretion. United States v. Bergouignan, 764 F.2d 1503, 1508 (11th Cir. 1985).

## DISCUSSION

We consider four factors when we determine whether the decision of the district court to deny a request for a continuance is so arbitrary and unreasonable that it constitutes an abuse of discretion:

> (1) the diligence of the defense in interviewing the witness and procuring his testimony; (2) the probability of obtaining the testimony within a reasonable time; (3) the specificity with which the defense was able to describe the witness's expected knowledge or testimony; and (4) the degree to which such testimony was expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

United States v. Wright, 63 F.3d 1067, 1071 (11th Cir. 1995) (quoting United States v. Cross, 928 F.2d 1030, 1048 (11th Cir. 1991)). Because none of these factors favor Jones, he cannot establish that the district court abused its discretion.

First, Jones did not establish that he was diligent in interviewing the witness

3

and procuring testimony. Jones received the notice of intent to seek an enhancement from the government in February 2005. Jones requested a continuance four months later and received an additional 42 days to prepare. Jones testified that he had been in contact with the Arizona counsel by June 23, which means Jones had 45 days before the August 8 hearing to obtain the testimony of the Arizona counsel, a more than sufficient amount of time. Jones stated that the Arizona counsel was not helpful, but Jones failed to state what efforts he had made to obtain the Arizona counsel's appearance at the hearing.

Second, Jones did not establish that he could have procured the testimony in a reasonable time. Jones was unable to procure the testimony of the Arizona counsel in 45 days, and he presented no evidence that an additional 48 hours would have enabled him to procure the testimony.

Third, Jones did not specify what testimony he would elicit from the Arizona counsel. On several occasions at the evidentiary hearing, Jones stated that he was unsure about the testimony of the Arizona counsel. To find an abuse of discretion, we require at least some specificity regarding the testimony of the witness, and Jones has been unable to provide it.

Finally, Jones failed to establish that the testimony would favor him. At the sentencing hearing, the district court questioned Jones's counsel about the effect

the Arizona proceedings.  Jones's counsel repeatedly stated that he did not know Arizona law and that Arizona law for challenging a conviction is different from Florida law.  This assertion failed to establish that the testimony of the Arizona counsel would actually benefit Jones.

## CONCLUSION

Because none of the factors supports Jones's argument that the district court abused its discretion when it denied Jones's request for a continuance, the decision of the district court is

**AFFIRMED.**