[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11080
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 9, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00013-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER HAMELIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 9, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Roger Hamelin appeals his conviction for possessing a firearm and

ammunition as a convicted felon on the grounds that the Government violated the Speedy Trial Act.  For the reasons that follow, we vacate the conviction and remand to the district court to dismiss the indictment and determine whether the dismissal is with or without prejudice.

## I. BACKGROUND

On July 14, 2005, a grand jury indicted Hamelin on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).  Hamelin appeared at his arraignment before the magistrate judge on August 23, 2005, and he entered a plea of not guilty.  On May 9, 2006, Hamelin moved to dismiss the indictment with prejudice based on violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174.  On May 13, 2006, the district court dismissed the indictment without prejudice.

On August 10, 2006, a grand jury returned a second indictment against Hamelin for the same offense—one count of possession of a firearm and ammunition by a convicted felon, in violation of § 922(g).  On August 26, 2006, Hamelin again appeared before the magistrate judge and pleaded not guilty.

On November 27, 2006, Hamelin and the Government filed proposed voir dire questions and requests to charge.  On November 30th, Hamelin filed a motion to dismiss the indictment for violation of the Speedy Trial Act.  In its written

response to Hamelin's motion, the Government admitted that "[t]he technical requirements of [the Speedy Trial Act] have not been met, in that it appears that the 70th non-excludable day under the Act was November 29, 2006." But the Government argued "that the delay resulted because the Court's staff slightly miscalculated the date upon which the time would expire." The Government also argued that even if dismissal were warranted, such dismissal should be without prejudice because the charged offense was serious, the Government acted in good faith without delay or neglect, and the Government had an interest in the efficient administration of justice.

On the day Hamelin's trial commenced, December 4, 2006, the district court summarily denied Hamelin's motion to dismiss. At the conclusion of trial, the jury convicted Hamelin, and the district court sentenced him to a term of 98 months' imprisonment, which he is currently serving. This appeal followed.

## II. DISCUSSION

On appeal, Hamelin argues that his indictment should be dismissed with prejudice because he was not brought to trial within the 70-day period prescribed by the Speedy Trial Act. We review a claim under the Speedy Trial Act de novo. United States v. Miles, 290 F.3d 1341, 1348 (11th Cir. 2002).

The Speedy Trial Act provides that a defendant who has entered a plea of

3

not guilty must be tried within 70 days from the filing of his indictment or information, or from the date on which he made his first appearance before the court, whichever date last occurs. 18 U.S.C. § 3161(c)(1). If the defendant is not tried within the 70-day time limit, the court must dismiss the indictment. Id. § 3162(a)(2). The district court must then determine whether the dismissal is with or without prejudice by considering, "among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id. "[I]n order to prevent abuse of the [Act's] deadlines, we require a showing of some affirmative justification by the government to warrant a dismissal without prejudice." United States v. Godoy, 821 F.2d 1498, 1505 (11th Cir. 1987) (internal quotation marks omitted). But "[a]side from this limitation, the choice of sanction is left to the sound discretion of the district court after consideration of the statutory factors." Id. Thus, "[t]the district court's decision that the dismissal should have been without prejudice will stand, unless that court has abused its discretion." Id. The defendant must request the relief of dismissal, and the defendant's failure to move for dismissal before trial shall constitute a waiver of the right to dismissal under the Act. 18 U.S.C. § 3162(a)(2); United States v. Register, 182 F.3d 820, 828 (11th Cir. 1999).

4

Here, as the Government concedes, Hamelin was not brought to trial within the 70-day time limit prescribed by the Speedy Trial Act. Hamelin's motion to dismiss the indictment for violation of the Act was filed on November 30, 2006—one day after the expiration of the 70-day time limit and four days before his trial was to commence. As such, the district court erred in failing to dismiss the indictment as required by the Act. Because the district court made no factual findings in denying Hamelin's motion (stating only that Hamelin should have raised the issue "long before this point today") we remand to the district court to dismiss the indictment and determine whether the dismissal is with or without prejudice. See Godoy, 821 F.2d at 1505 (holding that whether a dismissal for violation of the Speedy Trial Act is with or without prejudice is within the district court's "sound discretion" based on consideration of the statutory factors).

### III. CONCLUSION

For the foregoing reasons, we **VACATE** Hamelin's conviction, and **REMAND** to the district court with instructions to dismiss the indictment and determine whether the dismissal is with or without prejudice.

5