[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13974
Non-Argument Calendar

_____

D. C. Docket No. 07-00018-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER HAMELIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 27, 2009)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Roger Hamelin appeals his sentence of 87 months of imprisonment for his

plea of guilty to possession of a firearm and ammunition by a convicted felon. 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court applied a two level enhancement for obstruction of justice. We affirm.

Before sentencing, Hamelin objected to enhancement of his sentence. The presentence investigation report applied the enhancement based on testimony in Hamelin's earlier trial. April Waters, who had seen Hamelin in possession of a rifle, testified at the trial that Hamelin told her to leave town so she would be unavailable to testify. Hamelin's wife and cousin testified at trial that Hamelin did not possess the weapon, and the cousin was later convicted of perjury. After that trial, we vacated Hamelin's conviction based on a violation of the Speedy Trial Act. United States v. Hamelin, No. 07-11080 (11th Cir. Aug. 9, 2007).

When he later pleaded guilty, Hamelin admitted possession of the firearm and ammunition but objected to an enhancement for obstruction on the ground that he did not commit perjury or solicit perjurious testimony at his trial. At sentencing, the district court ruled that the enhancement was applicable. The court based its decision on evidence that Hamelin had influenced witnesses to give false testimony at the trial. See United States Sentencing Guidelines § 3C1.1 cmt. n.4 (Nov. 2006).

Hamelin argues that the district court violated the Fifth Amendment when it

increased his sentence because he did not testify to correct perjurious testimony. Because Hamelin did not object to his sentence in the district court, we review for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). To satisfy that standard, a defendant must establish an error, that is plain, and that affects substantial rights. Id. We then may exercise our discretion to recognize the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id.

There was no plain error at Hamelin's sentencing. The district court considered evidence that Hamelin told a material witness to be unavailable for trial and inferred that Hamelin had encouraged family members to give false testimony. Hamelin's conduct, although uncharged, was relevant to the calculation of his sentence. See United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006) ("district courts [may] consider not merely the charged conduct, but rather all 'relevant conduct,' in calculating a defendant's offense level"). Hamelin cites no authority that the district court violated his constitutional rights.

Hamelin's sentence is **AFFIRMED**.