[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12646
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00259-JRH-BKE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN SCOTT HOBBS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 22, 2015)


Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Alan Hobbs appeals his conviction and 68-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  No reversible error has been shown; we affirm.

I.

On appeal, Hobbs first argues that the magistrate judge erred in denying Hobbs's motion to be appointed as co-counsel in his own defense.  Under the law of this Circuit, appellate courts lack jurisdiction to hear appeals directly from federal magistrate judges.  United States v. Schultz, 565 F.3d 1353, 1359-60 (11th Cir. 2009).  Because Hobbs failed to appeal to the district court the magistrate judge's denial of the motion to proceed as co-counsel, we lack jurisdiction to review the magistrate judge's decision.  See id. (concluding that the court lacked jurisdiction over an appeal of a magistrate judge's denial of a motion for self-representation when appellant failed to first appeal the ruling to the district court); Fed.R.Crim.P. 59(a) (a party who fails to object to a magistrate judge's ruling on a nondispositive matter waives his right to appellate review).

2

II.

Next, Hobbs contends that the district court erred in denying his attorney's motion to withdraw (which was filed at Hobbs's request). We review for abuse of discretion a district court's ruling on a motion to withdraw as counsel. Brown v. United States, 720 F.3d 1316, 1325 (11th Cir. 2013). In determining whether the district court abused its discretion, we consider "(1) the timeliness of the motion; (2) the adequacy of the court's inquiry into [the] merits of the motion; and (3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997). About the third factor, we require a "serious breakdown in communications" -- more than a client's mere displeasure with his lawyer's performance -- before we can conclude that the district court abused its discretion in denying a lawyer's motion to withdraw. Id.

Here, the motion to withdraw was filed the night before Hobbs's trial was scheduled to begin. The court conducted a full ex parte (the government was not involved) hearing on the merits of the motion, during which both Hobbs and Hobbs's lawyer presented arguments in favor of the motion. In ruling on the motion, the district court relied expressly on a review of the docket, the court's

3

observations of Hobbs's lawyer's conduct during the pretrial conference, and on comments made during the ex parte hearing.

The district court determined that Hobbs's lawyer had filed an appropriate number of pre-trial motions and was prepared adequately to proceed to trial. The district court also noted that defense attorneys commonly advise clients about the option of entering a guilty plea and that such advice was no indication that a lawyer was unable or unwilling to represent zealously the client at trial. The court denied the motion to withdraw, concluding that Hobbs's desire to terminate his lawyer's employment was without merit, that Hobbs's lawyer was prepared to proceed to trial, and that granting the motion would serve only to delay and disrupt the proceedings.

On this record, we see no abuse of discretion. Although Hobbs was dissatisfied with aspects of his lawyer's representation, Hobbs and his lawyer had many discussions about trial strategy. Particularly in the light of the last-minute nature of the motion to withdraw, the district court abused no discretion in determining that Hobbs failed to demonstrate the requisite total breakdown of communication necessary to justify withdrawal of counsel.

III.

Hobbs argues that the district court abused its discretion in denying his third motion for a continuance of the trial. The government notified Hobbs that, if Hobbs testified at trial, the government intended to introduce (for impeachment purposes) evidence of Hobbs's 2007 conviction for terroristic threats. Hobbs moved to postpone the trial until after the state court resolved Hobbs's pending motion for a new trial in the 2007 case. The district court denied the motion, concluding that Hobbs's 2007 conviction was admissible under Fed.R.Evid. 609(e), even if an appeal or a motion for new trial was pending.

We review the denial of a motion for a continuance of a trial for an abuse of discretion. United States v. Bergouignan, 764 F.2d 1503, 1508 (11th Cir. 1985). To prevail on appeal, a defendant must show both that the district court abused its discretion in denying a continuance and that the denial resulted in "specific substantial prejudice." Id.

The district court concluded correctly that Hobbs's pending motion for a new trial in his 2007 case did not render his 2007 conviction inadmissible for impeachment purposes. See Fed.R.Evid. 609(e) ("A conviction that satisfies [Fed.R.Evid. 609] is admissible even if an appeal is pending."). Moreover, Hobbs has demonstrated no "specific substantial prejudice" resulting from the district

5

court's denial of the continuance.  Hobbs contends that the denial of the continuance -- in effect -- forced him to waive his right to testify at trial.  We disagree.  Also, Hobbs does not actually say that he in fact would have testified in his own defense but for the district court's ruling.

Because Hobbs has failed to show either an abuse of discretion or that he suffered specific substantial prejudice, we see no reversible error.


IV.


Hobbs next contends that the district court failed to explain adequately the factual basis for enhancing Hobbs's sentence, under U.S.S.G. § 3C1.1, for obstruction of justice.  Briefly stated, even though the jury acquitted Hobbs of witness tampering, the district court concluded that sufficient evidence existed -- under a preponderance of the evidence standard -- to justify an obstruction-of-justice enhancement.

Generally speaking, district courts "should make specific findings of fact when applying § 3C1.1." United States v. Uscinski, 369 F.3d 1243, 1246 (11th Cir. 2004).  "But a remand is unnecessary if the record clearly reflects the basis for enhancement." Id.; United States v. Smith, 231 F.3d 800, 820 (11th Cir. 2000) (concluding that, where the district court relied expressly on evidence presented at

6

trial and record evidence discussing the factual basis for a section 3C1.1 enhancement, "detailed findings were not necessary and would have been redundant.").

Here, the district court relied expressly on the arguments presented at the sentencing hearing and on the evidence presented at trial. In particular, the district court noted that it had already concluded -- in denying Hobbs's motion for a judgment of acquittal at trial -- "that the Government had provided sufficient evidence to find . . . guilt beyond a reasonable doubt" on the witness tampering charge. In ruling on Hobbs's motion at trial, the district court found that Hobbs's ex-girlfriend was "a key witness for the Government"; that Hobbs attempted to contact his ex-girlfriend and to convince her to alter her trial testimony; and that the ex-girlfriend in fact changed her story as a result of Hobbs's conduct, even though she later recanted and testified against Hobbs.

The record in this case reflects clearly the basis for the district court's enhancement. Because a more detailed explanation for the enhancement would have been redundant, remand is unnecessary. See Uscinski, 369 F.3d at 1246; Smith, 231 F.3d at 820.

AFFIRMED.