**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Daniel POMERANTZ,**
**Defendant-Appellant.**

**No. 81–5354**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 16, 1982.

Neil H. Jaffee, Mark Krasnow, Miami, Fla., for defendant-appellant.

Steven E. M. Hartz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges

PER CURIAM:

Convicted of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C.A. § 846, defendant asserts two points on appeal, neither of which merit reversal.

The admission of testimony that defendant had a gun at the time and place

he was committing the crime charged was not reversible error under Rule 403, Federal Rules of Evidence. The application of Rule 403 was intended by its drafters to be discretionary with the trial court. 1 Weinstein's Evidence, 403[01] [1981 ed.]. The trial court's determination should not be overturned on appeal unless "the trial judge has clearly abused his discretion." *United States v. Mitchell,* 666 F.2d 1385 (11th Cir. 1982); *United States v. Johnson,* 585 F.2d 119, 125 (5th Cir. 1978); *Wright v. Hartford Accident & Indemnity Co.,* 580 F.2d 809, 810 (5th Cir. 1978).

A Government informant was testifying about the defendant's activity at the motel parking lot where an undercover operation was taking place. He had testified that he had been shown a quantity of money by the alleged conspirators. Then he testified as follows:

Q What happened after you had seen the money?

A I said that is fine, that is all I needed.

Q What did you do?

A I then walked across the parking lot, or asked Mr. Pomerantz for the keys to his car.

Q Did he say anything to you?

A Yes, he did.

Q What did he say?

A Well, first of all, he wanted to get his weapon out of the automobile.

Q What did he say?

A "I want my gun."

Q What did you say in response to that?

A I said, "I don't have time for this tomfoolery you know, that "I need to get going."

Q What did you do?

A At that time I walked quickly to the car, you know, and then got in and Mr. Pomerantz followed me and then I drove off.

Q Where did you go?

A To the DEA headquarters.

Q When you got to the DEA headquarters did you do anything with respect to any weapon?

A Yes I did. I unloaded it.

Q What kind of weapon was this?

A A 9 millimeter automatic type of weapon.

Q A pistol, or rifle, or what?

A Pistol.

Q What did you do with the bullets?

A I hid them.

Q Where did you put the gun?

A I left it in the trunk of the car.

A motion in limine to exclude the testimony about the gun had been denied.

Contrary to defendant's argument, the possession of a gun during negotiations for the purchase of large quantities of marijuana is not irrelevant to the facts which support the crime of conspiracy. The facts testified to were all part of the scenario at the time of the commission of the crime and were not so prejudicial, as balanced against their probative value, to require exclusion of the evidence as a matter of law.

The argument that the evidence was insufficient to support the charge of conspiracy because the alleged conspirators did not reach an agreement to actually buy the marijuana being offered by the Government at the undercover operation is without any merit and subject to our Local Rule 25.

AFFIRMED.