**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Floyd DORMAN, Thomas K. Darr, and**
**Roger Nells Henderson,**
**Defendants-Appellants.**

**No. 83–3511.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 8, 1985.

Cass M. Castillo, Tampa, Fla., for Dorman.

Karen A. Berkowitz, Tampa, Fla., for Henderson.

Robert J. Grammig, Tampa, Fla. (court-appointed), for Darr.

William B. King, Warren A. Zimmerman, Asst. U.S. Attys., Tampa, Fla., for plaintiff-appellee.

Before RONEY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

Roger Nells Henderson, Floyd Roland Dorman, and Thomas K. Darr appeal convictions for extortion, conspiracy, impersonation of federal officers, and utilization of interstate travel to promote an extortion scheme in violation of 18 U.S.C.A. §§ 371, 875(b), 912, and 1952(a)(3). Defendants argue a Speedy Trial violation, plain error in the admission of cassette tapes found on one defendant at the time of arrest, fundamental unfairness in not allowing the admission of evidence of possible threats made against a defense witness, and abuse of discretion by the trial court in considering "public criticism" in the sentencing decision. We affirm.

The unusual facts involve both Florida and Nebraska. The scheme began in Florida with demands by the defendants of money from Daniel George Doumis, who had apparently been involved in drug traffic, and threats to turn him over to law enforcement agencies or individuals involved in the illicit narcotics trade if he did not pay them money. Several drops of money for the defendants were made by Doumis in Florida. In an apparent attempt to avoid

the extortionists, Doumis moved to Council Bluffs, Iowa. When they located him there, however, Doumis began to cooperate with F.B.I. agents. Defendants were arrested in Omaha, Nebraska after a drop of money.

The Speedy Trial argument stems from the fact that two different complaints were filed. After defendants' arrest on December 8, 1982 in Omaha, a complaint was filed in the United States District Court for the District of Nebraska on December 9, 1982. The complaint charged one count of interstate travel to promote an extortion scheme in violation of 18 U.S.C.A. § 1952.

On January 10, 1983, a second complaint was filed against defendants in the Middle District of Florida, charging each with extortion by interstate communication in violation of 18 U.S.C.A. § 875(b). On January 11, 1983, the Nebraska complaint was dismissed on the Government's motion. On January 13, 1983, a five-count indictment was returned against all defendants in the Middle District of Florida.

■ The defendant argues that under the Speedy Trial Act the Florida indictment should be dismissed because it was not filed within 30 days of the Nebraska complaint and arrest. The Act provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty (30) days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C.A. § 3161(b). The remedy for a violation of the section 3161(b) requirement that the Government indict a defendant within 30 days of the arrest or summons is dismissal of the complaint. *See* 18 U.S.C.A. § 3162(a)(1); *see also United States v. Tertrou*, 742 F.2d 538, 539–40 (9th Cir. 1984).

This Circuit has held that the timeliness of an indictment is not controlled by the date of arrest where the complaint underlying the arrest is no longer pending at the time of the indictment. *United States v. Puett*, 735 F.2d 1331, 1333–34 (11th Cir. 1984); *see also United States v. Krynicki*,

689 F.2d 289, 293–94 (1st Cir.1982) (quoting S.Rep. No. 1021, 93d Cong., 2d Sess. 26, 33 (1974)). Those cases hold that section 3161(d)(1), not section 3161(b), governs the relevant time period when a complaint has been dismissed. Section 3161(d)(1) states:

If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

Thus there are two approaches to this situation in which the law is clear. Focusing on the Nebraska complaint and the Florida indictment, this case would be identical to *Puett* and *Krynicki.* Because the Florida indictment was filed two days after the dismissal of the Nebraska complaint, the indictment would not be in violation of the Speedy Trial Act unless the dismissal of the Nebraska complaint should have been with prejudice. *See* 18 U.S.C.A. § 3162(a)(1).

■ Defendants argue that the Nebraska complaint should have actually been dismissed "with prejudice." Count Five of the Florida indictment corresponded exactly with the charge set forth in the Nebraska complaint. The remaining counts, one through four, were not identical but charged conspiracy, extortion by interstate communication, impersonation of federal officers, and a second act of interstate travel to promote an extortion scheme in violation of 18 U.S.C.A. §§ 371, 875(b), 912, and 1952(a)(3). Applying the factors enumerated under section 3162(a)(1), as well as

other factors, the district court determined that the Nebraska dismissal would have been "without prejudice" on the basis that the offense was a serious offense, the complaint had been filed in a different district, the delay was short, and there was no showing of prejudice to the defendants. *See United States v. Bittle*, 699 F.2d 1201, 1208 (D.C.Cir.1983). We hold that the trial court made no error in this ruling.

The second approach to the situation is to focus solely on the Florida complaint and indictment. Clearly there is no Speedy Trial problem here because the indictment followed the complaint by two days, well within the 30 days allowed by section 3161(b).

The basic problem is posed by the argument that because the Florida complaint was filed the day before the Nebraska complaint was dismissed, section 3161(d)(1) is inapplicable, and that a literal reading of section 3161(b) would require a dismissal of the Florida indictment, because it was filed more than 30 days after the Nebraska arrest. In essence, defendants' contention is that the Florida complaint was filed too early. In making the somewhat anomalous argument that the Government proceeded too quickly and thereby violated the Speedy Trial Act, defendants rely on the word "thereafter" in section 3161(d)(1):

> If ... any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and *thereafter* a complaint is filed ... the provisions of subsections (b) and (c) of this section shall be applicable to such subsequent complaint ....

Defendants' position is that because the Nebraska complaint was still pending at the time of the Florida complaint, federal charges were continuously pending against defendants from the date of the Nebraska complaint throughout the pre-indictment period, which covered 35 days and therefore exceeded the 30-day period prescribed by section 3161(b). As there are no provisions in the Speedy Trial Act that would focus on the filing of a second complaint prior to the dismissal of the initial complaint, defendants claim they were entitled to dismissal of the indictment.

■ Although defendants are correct that a dismissal of the Nebraska complaint would be required because no indictment or information was filed within 30 days of the arrest, their argument, which suggests that the delay in dismissing the Nebraska complaint in some way "tainted" the Florida complaint and subsequent indictment, is without merit. In our judgment, the Speedy Trial Act should not be read to penalize the Government for filing the Florida complaint on January 10, it being clear that, had the Government delayed until January 12, it could have filed the same complaint or indicted the defendants practically at the Government's leisure. *Cf. Puett*, 735 F.2d at 1333 (holding Act not violated when indictment returned 97 days after dismissal of initial complaint on Government's motion). We therefore hold that once the Nebraska complaint was dismissed, without prejudice, *see* 18 U.S.C.A. § 3162(a)(1), the Government was free to indict the defendants at least for another 30 days from the date of the previously filed Florida complaint.

There is no policy of the Speedy Trial Act that would be significantly impaired by this holding. The overall effect of the Government's action challenged here was to accelerate rather than to delay the progress of the proceedings against the defendant. Thus, both the defendants' and the public's interest in expediting the administration of criminal justice were served in this case. Even when a complaint remains pending for more than 30 days, a defendant is not automatically entitled to have his conviction and sentence set aside unless the dismissal of a complaint was or should have been with prejudice. *See United States v. Antonio*, 705 F.2d 1483 (9th Cir.1983) (remanding to trial court for determination of whether complaint should have been dismissed with or without prejudice in case where an indictment had been returned during pendency of defendant's motion to dismiss complaint for pre-indictment delay in excess of statutory period).

Defendants argue that the district court committed plain error by admitting exhibits # 9 and # 9–A, a recorded micro-cassette conversation and the transcript of that conversation. Before trial the district court denied defendants' motion to suppress, over the assertion that the tape could not be admitted without violating Florida law. This Circuit has held that " 'it is well settled that federal law governs the admissibility of tape recordings in federal criminal cases,' and complaints that the evidence was obtained in violation of state law are of no effect." *United States v. Butera*, 677 F.2d 1376, 1380 (11th Cir.1982) (quoting *United States v. Nelligan*, 573 F.2d 251, 253 (5th Cir.1978)), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). There was no error in the admission of the tape and transcript.

There is no merit to defendants' argument that the admission of the tapes and transcripts was "plain error" in that it operated to deny defendants a fair trial and affected substantial rights. *United States v. McLeod*, 608 F.2d 1076, 1078 (5th Cir. 1979); *United States v. Brown*, 555 F.2d 407, 420 (5th Cir.1977), *cert. denied*, 435 U.S. 904, 98 S.Ct. 1448, 55 L.Ed.2d 494 (1978).

Defendants argue that the trial was rendered fundamentally unfair when the district court refused to admit evidence of possible threats made by the main prosecution witness, Daniel George Doumis, against Mrs. Vivian Doumis, his former wife and the main defense witness, by excluding the testimony of a deputy sheriff concerning the alleged threats. In making this ruling, the district court found that the testimony was irrelevant and that its probative value was outweighed by its prejudice under Fed.R.Evid. 403. In Mrs. Doumis' testimony at trial, she flatly denied that Mr. Doumis had threatened her regarding her grand jury testimony. She indicated instead that the alleged threats were "misunderstandings" arising from their divorce. Because defendants have failed to show a clear abuse of discretion, the district court's ruling cannot be overturned. *See United States v. Pomerantz*,

683 F.2d 352, 353 (11th Cir.1982); *United States v. Roe*, 670 F.2d 956, 970 (11th Cir.), *cert. denied*, 459 U.S. 856, 103 S.Ct. 126, 74 L.Ed.2d 109 (1982).

Defendants contend that the intimidation of Mrs. Doumis was relevant to the credibility of Mr. Doumis and the veracity of Mrs. Doumis. Pursuant to Fed.R.Evid. 608(b), however, "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility ... may not be proved by extrinsic evidence." *See United States v. Hoskins*, 628 F.2d 295, 297 (5th Cir.), *cert. denied*, 449 U.S. 987, 101 S.Ct. 406, 66 L.Ed.2d 249 (1980). The district court did not err in disallowing the deputy's testimony.

As to defendants' argument that the district court improperly considered public criticism in setting sentence, we find no abuse of discretion. The sentences imposed by the district court were within the statutory limits. 18 U.S.C.A. §§ 371, 875(b), 912, and 1952. Absent a clear showing of abuse, we follow the general rule that "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972).

AFFIRMED.