[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-5293

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/13/99
THOMAS  K. KAHN
CLERK

D. C. Docket No. 94-6149-CR-FERGUSON

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KEITH BROWN;
RANDOLPH BLACKMON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(AUGUST 13, 1999)

Before COX and HULL, Circuit Judges, and COHILL[*], Senior District Judge.

---

[*] Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

HULL, Circuit Judge:

The Government appeals the dismissal with prejudice under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., of an eleven-count indictment against Keith Brown. After review, we affirm the dismissal with prejudice of one count and reverse the dismissal with prejudice of the remaining counts.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 1992, Brown was arrested.  On February 4, 1992, the grand jury returned a one-count indictment (the "first indictment") against Brown, charging him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846.  Two years later, in February 1994, Brown filed a motion to dismiss this indictment, alleging violation of his constitutional and statutory rights to a speedy trial.

On July 5, 1994, the district court granted Brown's motion and dismissed the first indictment.  The district court found that even "[g]iving the Government a generous count of 265 days of excludable time for defense motions filed pro se and by counsel, plus ninety days to reorganize after the disruptions caused by the hurricane [Hurricane Andrew in 1992], over 180 days of delay are the result of unexplained Government inaction."  The district court indicated that it had considered "[t]he twenty-five month delay, the reasons given for the delay, and the

2

Defendants' assertion of the right [to a speedy trial]" and had found those factors to "weigh heavily against the Government."  In addition, the district court described the case as "a 'dry reverse sting' operation based on a government-initiated contact for a small drug transaction, where the Defendants, ostensibly, had no money and the informant-seller, at the time, had no drugs," suggesting that the court did not view Brown's offense as particularly serious.  The district court also mentioned that Brown had been incarcerated for more than thirty months.  The district court concluded that the Speedy Trial Act, 18 U.S.C. § 3161, had been violated, and hence, the indictment had to be dismissed.  The court did not state whether the dismissal of the indictment was with or without prejudice.

The Government did not appeal the dismissal of the first indictment. Instead, on July 5, 1994, the Government filed another complaint against Brown. On July 19, 1994, the grand jury returned an eleven-count indictment (the "second indictment") based on the July 5, 1994 complaint.

The second indictment recharged Brown with the one count from the first indictment, conspiracy to possess with intent to distribute cocaine (Count I).  In addition, the second indictment charged Brown with one count of knowingly and intentionally attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count II) and nine counts of using a communication facility in

the commission of a drug felony in violation of 21 U.S.C. § 843(b) (Counts III to XI).

On August 23, 1994, Brown moved to dismiss the second indictment for violation of the Speedy Trial Act, violation of his constitutional right to a speedy trial, and prosecutorial vindictiveness. Brown's motion was referred to a magistrate judge.

In a report and recommendation filed November 22, 1994, the magistrate judge inferred from the discussion in the district court's July 5, 1994 order that the court had intended to dismiss the first indictment with prejudice. The magistrate judge also determined that only Count I of the second indictment set forth a charge that was part of the first indictment. Accordingly, the magistrate judge recommended granting Brown's motion to dismiss as to Count I but denying the motion as to Counts II through XI.

On August 12, 1995, the district court entered an order affirming the magistrate judge's report and recommendation as to Count I. The district court stated that in its July 5, 1994 order dismissing the first indictment it had considered the factors relevant to determining whether to dismiss the case with or without prejudice--the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, the impact of a reprosecution on the administration of

4

the Speedy Trial Act and on the administration of justice, and the prejudice to the defendant. See 18 U.S.C. § 3162(a)(2); United States v. Taylor, 487 U.S. 326, 333-34 (1988). The district court then set forth factual findings from the July 5, 1994 order relating to each of these factors. Based on these findings, the district court concluded that the magistrate judge correctly had interpreted its July 5, 1994 order as a dismissal with prejudice. Hence, the district court determined that Brown's motion to dismiss Count I of the second indictment should be granted.

The district court overruled the report and recommendation as to Counts II through XI. The district court decided that Brown's motion to dismiss Counts II through XI should be granted, reasoning that those counts "are simply a more detailed version of crimes described in the initial complaint."

Accordingly, the district court dismissed all counts of the second indictment with prejudice. The Government appeals the district court's determination both as to Count I and as to Counts II through XI.

## II. STANDARD OF REVIEW

We review de novo the district court's interpretation of the Speedy Trial Act. United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997), cert. denied, __ U.S. __, 118 S. Ct. 1523 (1998). We review for abuse of discretion the district court's determination about whether the dismissal of a case to remedy a violation of the

5

Speedy Trial Act should be with or without prejudice. United States v. Taylor, 487

U.S. 326, 332-35 (1988); United States v. Derose, 74 F.3d 1177, 1182 (11ᵗʰ Cir.

1996).

### III.  DISCUSSION

We first review the general principles governing dismissals to remedy

Speedy Trial Act violations and charges on which a defendant may be prosecuted

after an indictment is dismissed on the defendant's motion under the Speedy Trial

Act, 18 U.S.C. § 3162(a)(2).  We then apply those principles to the events in this

case.

### A.  Dismissals Under the Speedy Trial Act

The Speedy Trial Act places two time limits on the government's

prosecution of a defendant.  18 U.S.C. § 3161.  First, under § 3161(b), a defendant

must be indicted on charges within thirty days from being arrested or served with a

summons in connection with those charges.  Then, under § 3161(c)(1), a defendant

must be tried on the charges in the indictment within seventy days from the later of

either the filing date of the indictment or the defendant's initial appearance before

a judicial officer of the court in which the charges are pending.  As explained in 18

U.S.C. § 3161(h), certain periods of time, such as delays resulting from the court's

consideration of a proposed plea agreement or a pretrial motion, are not counted

6

for purposes of computing either of these time limits.

If a defendant is not indicted within the proper amount of time after arrest, the charges against the individual shall be dismissed by the court or otherwise dropped. 18 U.S.C. § 3162(a)(1).[1]  If a defendant is not brought to trial within the requisite time after indictment, the defendant may move for dismissal of the case. 18 U.S.C. § 3162(a)(2).[2]

Under both §§ 3162(a)(1) and (a)(2), the district court has discretion to

---

[1] Section 3162(a)(1) provides:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

[2] In relevant part, § 3162(a)(2) provides:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.  The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).  In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).

7

dismiss a case either with or without prejudice. United States v. Taylor, 487 U.S. 326, 335 (1988); United States v. Derose, 74 F.3d 1177, 1182 (11th Cir. 1996). As the Supreme Court clarified in Taylor, there is no preference for one type of dismissal over the other. 487 U.S. at 335. However, in choosing between the two, the court is to be guided by a careful consideration of factors, including at a minimum the three factors specifically enumerated in both parts of § 3162(a): "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §§ 3162(a)(1), 3161(a)(2); Taylor, 487 U.S. at 333, 336. To permit meaningful appellate review, the court also should clearly articulate its analysis of these factors. Taylor, 487 U.S. at 336-37. See also id. at 343 ("[T]he administration of the Speedy Trial Act and the necessity for thorough appellate review require that a district court carefully express its decision whether or not to bar reprosecution in terms of the guidelines specified by Congress.").

**B. Prosecution After Charges are Dismissed Under § 3162(a)(2)**

The general rule that a defendant may be reprosecuted on charges dismissed without prejudice applies in the context of the Speedy Trial Act and § 3162(a)(2) in particular, as does the rule that a defendant may not be reindicted and tried on

8

charges dismissed with prejudice.  See Taylor, 487 U.S. at 342.  In addition, after

an indictment is dismissed either with or without prejudice, a defendant may be

prosecuted for offenses that are separate and distinct from the offenses charged in

the dismissed indictment, even if those offenses all arose out of the same

underlying facts.  See United States v. Derose, 74 F.3d 1177, 1182-84 (1996);

United States v. Stricklin, 591 F.2d 1112, 1120 (5th Cir. 1979).[3]

To the extent the government can charge the defendant "with the same

offense or an offense based on the same conduct or arising from the same criminal

episode" as in an indictment dismissed on motion of the defendant under §

3162(a)(2), the government must do so in accordance with 18 U.S.C. §

3161(d)(1).[4] Section 3161(d)(1) does not limit the charges that can be brought

---

[3] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] Section 3161(d)(1) provides as follows:

> If any indictment or information is dismissed upon motion of the defendant,  or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1).

against a defendant but governs the timing of such charges. Specifically, §

3161(d)(1) resets the periods in which a defendant must be indicted and tried; thus,

for the charges that may be brought after a dismissal on motion of the defendant

under § 3162(a)(2), the Speedy Trial Act's thirty-day and seventy-day periods

begin to run anew from a subsequent arrest or indictment rather than from the date

of the original arrest or indictment. 18 U.S.C. § 3161(d)(1); United States v.

Rubin, 733 F.2d 837, 840 (11th Cir. 1984); see also United States v. Duque, 62 F.3d

1146, 1150 (9th Cir. 1995); United States v. Giambrone, 920 F.2d 176, 179 (2d Cir.

1990).

## C.  Count I: The Conspiracy Charge

We now apply these general principles to the situation presented in this case.

We first observe that the district court did not err in determining that Brown was

not brought to trial within the seventy-day period after the first indictment, as

required under § 3161(c)(1). Thus, the July 5, 1994 order properly dismissed the

first indictment under § 3162(a)(2).

Count I of the second indictment then charged Brown with conspiracy to

possess with intent to distribute cocaine. This was the same charge alleged in the

first indictment against Brown. Thus, if the first indictment should have been

dismissed with prejudice, the district court also properly dismissed Count I with

prejudice.

The dilemma here is that even though the district court's July 5, 1994 order should have stated whether the dismissal was with or without prejudice, the district court failed to do so. See United States v. Taylor, 487 U.S. 326, 336-37, 343 (1988). Because the district court did not specify to the contrary in its July 5, 1994 order, the Government advocates a default rule and contends that the dismissal of the first indictment should be deemed without prejudice. Brown responds that the Government's default rule would not be appropriate, considering there is no preference for either a with or without prejudice dismissal under § 3162(a)(2). In addition, Brown asserts that the first dismissal should have the effect of a dismissal with prejudice because the district court clearly intended that the dismissal of the first indictment be with prejudice.

This Court has not answered the question of what should happen when a dismissal order under § 3162(a)(2) for failure to try an individual within seventy days fails to specify whether that dismissal is with or without prejudice. However, this Court has answered the closely-related question of what should happen when a dismissal order under § 3162(a)(1) for failure to indict within thirty days of arrest does not state whether that dismissal is with or without prejudice. See United States v. Bergouignan, 764 F.2d 1503 (11th Cir. 1985); United States v. Dorman,

11

752 F.2d 595 (11th Cir. 1985). Thus, we now examine these similar cases under §
3162(a)(1) for guidance in resolving the dilemma under § 3162(a)(2) in this case.

### 1. **Dorman**

At issue in <u>Dorman</u> was whether an indictment should be dismissed under §
3162(a)(1) because not returned within thirty days of the defendant's arrest on the
charges in the first complaint filed against the defendants. 752 F.2d at 597. The
defendants had been arrested in Nebraska on December 8, 1982, and the next day,
a complaint had been filed in the United States District Court for the District of
Nebraska. On January 10, 1983, a second complaint, based on the same
underlying facts as the first complaint, was filed against the defendants in the
Middle District of Florida. On January 13, 1983, a five-count indictment, based on
that Florida complaint, was returned. In the meantime, on January 11, 1983, the
Nebraska complaint had been dismissed at the Government's request.

The order dismissing the Nebraska complaint did not state whether the
dismissal was with or without prejudice. However, in considering the defendants'
claim that the Florida indictment should be dismissed as untimely, the Florida
district court applied the factors enumerated in § 3162(a)(1), along with other
factors, to determine whether the Nebraska dismissal should have been with or
without prejudice. After analyzing the relevant factors, the Florida court

determined that the Nebraska dismissal should have been without prejudice. Thus, the Florida court concluded that the dismissal of the Nebraska case did not have a preclusive effect on the charges brought in the Florida case. The Florida court ultimately denied the defendants' request that the Florida indictment be dismissed under the Speedy Trial Act.

In Dorman, this Court affirmed the denial of defendants' request for dismissal of the Florida indictment. 752 F.2d at 596-98. The Court explained in Dorman that the timeliness of the Florida indictment was not to be measured from the date of the Nebraska arrest because the complaint underlying that arrest was no longer pending at the time of the indictment. Id. at 597. Instead, after the Nebraska complaint was dismissed, the Government would have had at least another thirty days under § 3161(d)(1) to indict the defendants, "unless the dismissal of the Nebraska complaint should have been with prejudice," in which case, the charges in the Florida case would have been precluded. Id. at

The Dorman Court then examined the Florida district court's conclusion that the dismissal of the Nebraska complaint was not required to be with prejudice under § 3162(a)(1). Id. at 597-98. This Court indicated in Dorman that the Florida district court had followed the correct approach to this type of situation. Id. Thus, even though the order dismissing the Nebraska complaint was silent on the issue,

13

this Court held in <u>Dorman</u> that the Florida court properly applied the factors enumerated in § 3162(a) to make its own determination about whether that dismissal "should have been with prejudice." <u>Id.</u> (citing <u>United States v. Bittle</u>, 699 F.2d 1201, 1207 (D.C. Cir. 1983)).  The Florida district court was not modifying the Nebraska order but simply determining whether in its opinion the Nebraska complaint should have been dismissed with or without prejudice.

Furthermore, this Court held in <u>Dorman</u> that the Florida district court had not erred in concluding from its analysis of the § 3162(a) factors that the dismissal of the Nebraska complaint should have been without prejudice.  <u>Id.</u> at 598.  Because the dismissal of the Nebraska case should have been without prejudice, the Florida case was allowed to proceed.  Thus, the rule applied in <u>Dorman</u> was to have the court in a subsequent case analyze the factors set forth in § 3162(a) to determine whether the dismissal of the first case, which was not declared to be either with or without prejudice, "should have been with prejudice."[5]

## 2. **Bergouignan**

The rule followed in <u>Dorman</u> was discussed further by this Court in <u>United</u>

---

[5] We recognize that an order in one case cannot be amended by an order in a subsequent case.  Thus, the order dismissing Brown's first indictment could not be amended by the order dismissing Brown's second indictment.  However, the rule set forth in both <u>Dorman</u> and <u>Bergouignan</u> is not for the court to amend the first dismissal order but to examine that order to determine what its effect should be.  <u>See</u> <u>Bergouignan</u>, 764 F.2d at 1508; <u>Dorman</u>, 752 F.2d at 597-98.

States v. Bergouignan, 764 F.2d 1503 (11th Cir. 1985).  As in Dorman, the issue in Bergouignan was whether an indictment should be dismissed under § 3162(a)(1) because not returned within thirty days of the defendants' arrest on the charges in the first complaint filed against them.  The defendants in Bergouignan had been arrested and a complaint had been filed against them on July 14, 1981.  On July 28, 1981, the government requested an additional thirty days to file an indictment, and the government's request was granted the same day.   Thus, the government had until September 14, 1981 to file an indictment.  The government still had not filed an indictment on September 16, 1981, when it filed a motion to dismiss the complaint.   That same day, a magistrate judge granted the government's motion and entered an order dismissing the complaint.  The magistrate judge did not specify in that order whether the dismissal was with or without prejudice.

Approximately two years later, on September 22, 1983, a grand jury returned an indictment based on a second complaint against the Bergouignan defendants in a separate case but on the same charges set forth in the first complaint.  The defendants filed a motion to dismiss the indictment as untimely under the Speedy Trial Act.

The pivotal issue was whether the July 14, 1981 complaint had been dismissed after the period for filing an indictment had expired on September 14,

15

1981. See Bergouignan, 764 F.2d at 1507. The government argued that a pretrial motion filed by a defendant had resulted in ten days of excludable time between the defendants' arrest on July 14, 1981, and the dismissal of the complaint on September 16, 1981. With these ten days excluded, the original complaint would have been dismissed before the time for indictment expired in 1981, and dismissal of the September 22, 1983 indictment would not be required.

The district court denied the defendants' motion to dismiss the September 22, 1983 indictment. The district court did not explain why but simply stamped "Denied" on the face of the motion. See Bergouignan, 764 F.2d at 1507 & n.8. As a result, the record on appeal in Bergouignan was insufficient for this Court to determine whether the district court correctly had denied the motion to dismiss the 1983 indictment. Therefore, this Court remanded the Bergouignan case to the district court. Id. at 1507.

In Bergouignan, this Court instructed the district court on remand to determine whether the original, July 14, 1981 complaint was dismissed before or after the expiration of the period set forth in § 3161(b) for the return of an indictment in 1981. Id. If the original complaint had been dismissed on the government's motion before that period expired, the time for bringing an indictment would have been reset under § 3161(d)(1). Id. Under these

circumstances, the <u>Bergouignan</u> Court explained that the September 22, 1983 indictment would have been timely for Speedy Trial Act purposes, and defendants' motion to dismiss that indictment would properly have been denied. <u>Id.</u>

On the other hand, the <u>Bergouignan</u> Court made clear that if the July 14, 1981 complaint was dismissed after the time for bringing an indictment in 1981 had expired, § 3162(a)(1) would have been triggered. Using the analysis from <u>Dorman</u> as a model, the <u>Bergouignan</u> Court explained that the district court would have to "determine whether th[e] dismissal [of the July 14, 1981 complaint] should have been with or without prejudice, taking into consideration the factors enumerated in section 3162(a)(1)." <u>Id.</u> at 1508 (citing <u>United States v. Bittle</u>, 699 F.2d 1201, 1207 (D.C. Cir. 1983)). If, as was true in <u>Dorman</u>, the July 14, 1981 complaint should have been dismissed without prejudice, dismissal of the September 22, 1983 indictment would not be required. <u>Bergouignan</u>, 764 F.2d at 1508. However, if the July 14, 1981 complaint should have been dismissed with prejudice, the <u>Bergouignan</u> Court instructed the district court that it would be required to dismiss the September 22, 1983 indictment as well. <u>Id.</u>

### 3. Application to Brown's Case

The rule followed in <u>Dorman</u> and <u>Bergouignan</u> originated from and was probably stated most clearly in <u>United States v. Bittle</u>, 699 F.2d 1201 (D.C. Cir.

17

1983):  "When a complaint is dismissed after the thirty-day period for indictment has elapsed, and there is no determination whether the dismissal is with or without prejudice, a subsequently filed indictment should be dismissed only if the complaint should have been dismissed with prejudice."  699 F.2d at 1207.  Other circuits also follow this rule.  See, e.g., United States v. Miller, 23 F.3d 194, 196 (8th Cir. 1994); United States v. Caparella, 716 F.2d 976, 977-80 (2d Cir. 1983).

Since subsections (a)(1) and (a)(2) of § 3162 both provide, in identical language, that the determination about whether a dismissal under the Speedy Trial Act should be with or without prejudice is to be made based on consideration of the same enumerated factors, we find no principled basis for not applying the same rule under both subsections.  Thus, when charges in an initial indictment are dismissed after the seventy-day period for trial has elapsed, and the dismissal order does not state whether the dismissal was with or without prejudice, those same charges should be dismissed from a subsequent indictment only if, under the factors set forth in § 3162(a)(2), the initial indictment should have been dismissed with prejudice.[6]  Accordingly, in this case, Count I of the second indictment should

---

[6] We observe that instituting the rule requested by the Government--that if a court fails to declare whether a dismissal under § 3162(a)(2) is with or without prejudice, that dismissal will be deemed without prejudice by default--would be inconsistent with the plain language of § 3162(a)(2), which does not create a preference for either dismissal with or without prejudice and requires consideration of specifically-enumerated factors to determine which type of dismissal is appropriate in a particular case.  See 18 U.S.C. § 3162(a)(2); United States v. Taylor, 487 U.S. 326, 335-36 (1988).

be dismissed only if the first indictment should have been dismissed with prejudice.

Like the district court in <u>Dorman</u>, the district court in its August 12, 1995 order properly analyzed whether the dismissal of the first indictment should have been with prejudice by applying the three factors enumerated in § 3162(a)(2) and considering whether there had been any prejudice to the defendant. <u>See</u> <u>Dorman</u>, 752 F.2d at 597-98. In doing this analysis, the district court essentially found that the offense was not a serious offense, that the facts and circumstances leading to the dismissal of the first indictment all weighed heavily against the Government, that dismissal with prejudice was consistent with the fair administration of justice under the Speedy Trial Act, and that Brown had suffered prejudice as a result of the Government's actions in his case. Based on these findings, the district court concluded that the dismissal of the first indictment should have been with prejudice. The district court did not abuse its discretion in reaching this conclusion. Therefore, we affirm the dismissal of Count I of Brown's second indictment.

## C. Counts II through XI: The Attempt and Use-of-Communication-Facility Charges

In its August 12, 1995 order, the district court concluded that the charges in Counts II through XI of the second indictment should be dismissed because they

19

are "simply a more detailed version of the crimes described in the initial complaint." We disagree.

Even though Counts II through XI are based on the same underlying facts as the conspiracy charge in the first indictment, which we have decided should have been dismissed with prejudice, "the government is not barred from using the underlying facts in that offense as the basis for a charge that [the defendant] committed a different offense." United States v. Stricklin, 591 F.2d 1112, 1120 (5th Cir. 1979). This is because "'the dismissal of the indictment, with or without prejudice, does not amount to the determination of any of the intrinsic underlying facts. What, and all, it stands for, is that the defendant cannot be reindicted or tried for that same charge.'" Id. (quoting United States v. Rivero, 532 F.2d 450, 457 (5th Cir. 1976)).

Count II of the second indictment charges Brown with knowingly and intentionally attempting to possess with intent to distribute cocaine, while Counts III through XI charge Brown with use of a communication facility in the commission of a drug felony. These are distinct substantive offenses, requiring proof of different elements, from the conspiracy charge in the first indictment. Hence, the Government should have been allowed to proceed against Brown on Counts II through XI. Id. See also United States v. Derose, 74 F.3d 1177, 1182-84

(11th Cir. 1996) (concluding that dismissal with prejudice of complaint charging defendants with conspiracy to possess with intent to distribute marijuana did not preclude subsequent indictment charging defendants with possession with intent to distribute marijuana); United States v. Giwa, 831 F.2d 538, 541-43 (5th Cir. 1987) (explaining that the Speedy Trial Act requires dismissal only of the charges alleged in a complaint previously dismissed with prejudice, and not of charges that "while arising from the same criminal transaction, are separate and distinct offenses each requiring proof of different elements").

Moreover, Brown was indicted in a timely manner on the offenses alleged in Counts II through XI. As already discussed, under § 3161(d)(1), the Speedy Trial Act time limits begin to run anew from the filing of a subsequent indictment after a prior indictment has been dismissed on motion of defendant. See 18 U.S.C. § 3161(d)(1); United States v. Rubin, 733 F.2d 837, 840 (11th Cir. 1984). Brown was not arrested for or charged with the offenses in Counts II through XI until July 5, 1994. Brown was indicted on Counts II through XI on July 19, 1994. Consequently, Brown's indictment on these counts occurred well within the thirty-day period after his arrest, as required under the Speedy Trial Act. 18 U.S.C. §§ 3161(b), 3161(d).

## IV. CONCLUSION

21

For the foregoing reasons, we affirm the dismissal with prejudice of Count I of the indictment.  We reverse the dismissal with prejudice of Counts II through XI and remand to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**