[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2008
THOMAS K. KAHN
CLERK

No. 07-14700
Non-Argument Calendar

_____

D. C. Docket No. 07-00001-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN BRANHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 17, 2008)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Adrian Branham appeals his convictions for conspiracy to rob a commercial

business and three counts of robbery of a commercial business, both in violation 18 U.S.C. § 1951. He was also convicted of three counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Prior to the issuance of the indictment under which the instant convictions were obtained, the grand jury issued an indictment charging Branham with a sole count of conspiracy to rob a commercial business, and, upon his motion to dismiss the indictment based on a violation of the Speedy Trial Act, 18 U.S.C. § 3162 et seq., the district court dismissed the indictment without prejudice. The grand jury then re-indicted Branham for the multiple counts that lead to the convictions at issue here. At sentencing, he objected that the indictment on heightened charges had been the result of vindictive prosecution.

On appeal, Branham argues, first, that the district court erred by dismissing the original indictment without prejudice, thus allowing the government to re-indict him. We review for an abuse of discretion the district court's determination of whether the dismissal of a case for a Speedy Trial Act violation should be with or without prejudice. United States v. Brown, 183 F.3d 1306, 1309 (11th Cir. 1999). We have noted that, in deciding whether to dismiss an indictment for a violation of the Speedy Trial Act with or without prejudice, "there is no preference for one type of dismissal over the other." Id. at 1310. However, in making the

2

determination, the court is to consider the factors set forth in § 3162(a) of the Act: (1) "the seriousness of the offense;" (2) "the facts and circumstances of the case which led to the dismissal;" and (3) "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." Id. (citation omitted).

With regard to the first factor, we have noted that "where the crime charged is serious, the court should dismiss only for a correspondingly severe delay," and noting that while the defendant's drug charge was serious, a delay of "several months" militated toward a finding that dismissal with prejudice was proper. United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984). Regarding the second factor, in United States v. Miranda, 835 F.2d 830, 834-35 (11th Cir. 1988), we instructed the district court to dismiss an indictment without prejudice where the delay in trial had resulted from "negligence and oversight" on the part of the prosecutor and the district court, rather than "intentional delay." Addressing the third factor, we have recognized that the interests in the administration of justice and speedy prosecution may neutralize one another. Russo, 741 F.2d at 1267.

The delay at issue here was only four days. Importantly, there is no indication in the record that the delay was the result of any intentional delay by the government; instead, it was the result of scheduling difficulties in the district court

3

due to the judge's illness. Because the bank robbery offenses were serious in nature, and the Speedy Trial Act violation that resulted in dismissal of the original indictment was not due to a severe delay, nor an intentional act by the government, we hold that the district court did not err by dismissing the original indictment without prejudice.

Branham also argues on appeal that because the original indictment exposed him to fewer charges and less prison time than the indictment under which he ultimately was convicted, his re-indictment on heightened charges constituted prosecutorial vindictiveness. He asserts that because the first and subsequent indictments both arose out of the same conduct, the re-indictment on heightened charges was the result of prosecutorial vindictiveness. However, Branham failed to seek dismissal of the second indictment on the basis of prosecutorial vindictiveness prior to trial and only raised this challenge for the first time at sentencing.

We have noted that a motion to dismiss the indictment on the basis of prosecutorial misconduct must be raised prior to trial, pursuant to Fed. R. Crim. P. 12(b)(3)(B), or it otherwise is waived. See United States v. Dulcio, 441 F.3d 1269, 1275 (11th Cir. 2006) (citing United States v. Nichols, 937 F.2d 1257, 1261 (7th Cir.1991)); see also Fed. R. Crim. P. 12(b)(3)(B) (requiring defendants to raise "a

motion alleging a defect in the indictment or information" prior to trial).  Because

Branham did not move to dismiss the second indictment on the basis of

prosecutorial vindictiveness prior to his trial, he waived objection to the

indictment.[1]

Therefore, Branham's convictions are

AFFIRMED.

---

[1] Even were we to consider Branham's prosecutorial vindictiveness challenge under the plain error standard, pursuant to United States v. Lewis, 492 F.3d 1219, 1221-22 (11th Cir. 2007), we note that the law is not clear that a presumption of vindictiveness would arise in a context like the instant one, where the defendant is re-indicted on heightened charges following the exercise of a right prior to trial.  See United States v. Barner, 441 F.3d 1310, 1316 (11th Cir. 2006) ("While a prosecutor's decision to seek heightened charges after a successful post-trial appeal is enough to invoke a presumption of vindictiveness, proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context." (internal quotations and citations omitted)).  We would not, therefore, find this to be a case of plain error.