[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13876
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00014-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNIE GRADY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 9, 2009)

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Johnie Grady appeals his conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 851.  Under the Speedy Trial Act, the district court dismissed his first indictment without prejudice because it found that the delay in trying Grady was caused by personnel in the court clerk's office.  Grady then was re-indicted, and a jury found him guilty of the charged offense.

I

On appeal, Grady argues that, under the Speedy Trial Act, the district court should have dismissed the original indictment with prejudice because, even though his offense was serious, it is the responsibility of the executive branch of government to ensure that trials are timely, and the government has not offered an affirmative justification for why the dismissal should have been without prejudice. This argument is raised for the first time on appeal.

When an argument is raised for the first time on appeal, we review it for plain error only.  *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: '(1) error, (2) that is plain, and (3) that affects substantial rights.'  *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)).  If these factors are met, the decision to correct the

forfeited error is "within the sound discretion of the court of appeals," and the court may correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (internal quotation marks omitted). Review for plain error requires an error to be clear or obvious. *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007).

When deciding whether to dismiss an indictment for a Speedy Trial Act violation with or without prejudice, "there is no preference for one type of dismissal over the other." *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999). In determining whether to dismiss the case with or without prejudice, the district court must consider each of the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1) (2006); *see also Brown*, 183 F.3d at 1310. Serious offenses favor dismissal without prejudice unless there has been a correspondingly severe delay of "several months." *See United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984). The second factor favors dismissal without prejudice if the delay resulted from "negligence and oversight," rather than an "intentional delay." *United States v. Miranda*, 835 F.2d 830, 834 (11th

3

Cir. 1988). The interests of administration of justice and speedy prosecution tend to cancel each other out. *Russo*, 741 F.2d at 1267.

Because of the seriousness of Grady's offense and the fact that the delay was the fault of the district court clerk's office and without any fault by the parties, we conclude that the district court did not commit plain error by dismissing without prejudice.

## II

Grady also argues that his re-indictment and subsequent conviction violated his Sixth Amendment right to a speedy trial because the re-indictment occurred eight months after he was arrested, which constituted an undue delay.

"Determination of whether a defendant's constitutional right to a speedy trial has been violated is a mixed question of law and fact. Questions of law are reviewed *de novo*, and findings of fact are reviewed under the clearly erroneous standard." *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996) (citing *Yapp v. Reno*, 26 F.3d 1562, 1565 (11th Cir. 1994)). However, as discussed *supra*, when an issue is raised for the first time on appeal, it is reviewed for plain error. *See Rodriquez*, 398 F.3d at 1298.

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

4

"In order to determine whether a defendant has been deprived of his right to a speedy trial, this court must consider (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay." *United States v. Harris*, 376 F.3d 1282, 1290 (11th Cir. 2004). In *Harris*, we found that the trial delay of over 18 months was uncommonly long. *Id*. Nonetheless, because the delay was not the government's fault, but rather the result of a scheduling error committed by the district court, we found that the second consideration favored the government, and, therefore, Harris had to show that he actually was prejudiced by the delay. *Id*.

Here, Grady could not show, and did not argue on appeal, that he was prejudiced by the delay. Thus, the district court did not commit plain error when it declined to dismiss the second indictment because the government did not cause the delay in Grady's proceedings, and Grady could not show that he was actually prejudiced by the delay.

### III

Lastly, Grady argues that the evidence was not sufficient to convict him because: (1) there was no direct evidence that he possessed cocaine; and (2) the

circumstantial evidence merely presented a suspicion that he possessed cocaine, which did not amount to proof beyond a reasonable doubt.

Grady did not move the district court for a judgment of acquittal at the close of all the evidence, thus we will reverse his conviction only to prevent a manifest miscarriage of justice. *See United States v. Hamblin*, 911 F.2d 551, 556–57 (11th Cir. 1990). This standard requires "a finding that 'the evidence on a key element of the offense is so tenuous that a conviction would be shocking.'" *United States v. Tapia*, 761 F.2d 1488, 1492 (11th Cir. 1985) (quoting *United States v. Landers*, 484 F.2d 93, 94 (5th Cir. 1973)). In making this determination, we must view the evidence in the light most favorable to the government and accept all reasonable inferences and credibility determinations that support the jury's verdict. *Hamblin*, 911 F.2d at 557.

Grady's conviction is not a manifest miscarriage of justice because evidence showed that he buried a bag of cocaine in the mud while he was fleeing the police. For the above-stated reasons, we affirm Grady's conviction.

**AFFIRMED.**