[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11498
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00224-LSC-TMP-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYCORY M. HILL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 24, 2012)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

The government charged Tycory Hill with conspiracy to commit armed bank

robbery, armed bank robbery, and brandishing a firearm during and in relation to a

crime of violence. Days before his trial began, the government gave Mr. Hill a CD with recordings of his conversations in jail. In order to review the CD, Mr. Hill asked the district court to continue the trial. The district court, as allowed by the Speedy Trial Act, granted Mr. Hill's request for a continuance. A jury later convicted Mr. Hill, and he now appeals his conviction. According to Mr. Hill, because the government waited so long to deliver the CD, the government forced his trial's postponement, and this postponement violated his right to a speedy trial. After reviewing the record and the parties' briefs, we affirm.

# I

Mr. Hill made an appearance before a magistrate judge and entered a plea of not guilty on August 12, 2010. The district court scheduled Mr. Hill's trial for October 4, 2010. The district court also issued a standing discovery order. The standing discovery order, in essence, dictated when and how the parties were to exchange evidence. Among other things, that order required the government to provide Mr. Hill with any recorded statements within its "possession, custody, and/or control" and any evidence that it knew (or should have known) existed by August 27, 2010. *See* R. 1:28 at 1.

As Mr. Hill sat in jail, the government began to record his telephone conversations. The standing discovery order demanded that both sides disclose, "as soon as

2

practicable," any "newly discovered information or other material within the scope" of the standing order, which included Mr. Hill's recorded conversations. *Id.* at 4.

On October 1, 2010—three days before trial was to begin—the government delivered a CD with the recorded conversations to Mr. Hill. Two days later, Mr. Hill's counsel filed a motion in which he asked that the district court bar the government from introducing any of Mr. Hill's recorded conversations as evidence at trial or, alternatively, to continue the trial. *See* R. 1:53 at 1. The standing discovery order apparently contemplated such a motion, for it allowed the court, upon a "sufficient showing," to restrict discovery or "make such orders as are appropriate." R. 1:28 at 4.

On the day of trial, Mr. Hill's counsel made a second motion, this time moving to continue the trial until November 8, 2010, because he needed to review the "lengthy tape recordings." R. 1:55 at 1. The district court granted the motion because Mr. Hill needed "additional time to review evidence consisting of lengthy tape recordings" and denied Mr. Hill's motion to exclude the CD evidence as moot. *See* R. 1:56. At no point before trial did Mr. Hill again move to exclude the CD. Trial began on November 9, 2010, and the jury convicted Mr. Hill on all charges. The government did not introduce any of the recorded conversations as evidence at trial. *See* R. 1:110.

**II**

3

We review a district court's interpretation and application of the Speedy Trial Act de novo. *See United States v. Brown*, 183 F.3d 1306, 1309 (11th Cir. 1999). And we review any "factual determinations as to what constitutes excludable time under the Speedy Trial Act" for clear error. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997).

## III

The Speedy Trial Act, 18 U.S.C. §§ 3161–3174, sets deadlines that federal courts must follow in criminal cases. If trial does not timely commence under the Act, the results are severe "and [can] include dismissal with prejudice of the charges against the defendant." *United States v. Young*, 528 F.3d 1294, 1295 (11th Cir. 2008).

Where, as here, a defendant pleads not guilty, the Speedy Trial Act requires that his trial start within 70 days of two possible events. *See* 18 U.S.C. § 3161(c)(1). The 70-day clock begins to run on the day that the government files criminal charges through an indictment or information. *See id.* On the other hand, if the defendant appears before a judge "of the court in which" his charges are pending *after* the government files the charges, then the 70-day clock begins from that event. *See id.*

Certain "days" don't count as days at all under the Speedy Trial Act, however. When certain authorized delays occur, the days that constitute the delay in question do not count for the 70-day calculation. One of these delays is significant here. A period

4

of delay does not count among the 70 days if (1) Mr. Hill or his attorney asked for a continuance, (2) the district court granted that continuance, and (3) the court granted it because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See* § 3161(h)(7)(A). "If the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* delay is excludable" under the Speedy Trial Act. *United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 2011).

Here, Mr. Hill appeared before a magistrate judge on August 12, 2010. His trial began on November 9, 2010. That 89-day period would violate the Speedy Trial Act's 70-day limit if there was no excludable time. But the district court granted a continuance because it found that the continuance served the ends of justice (i.e., because Mr. Hill and his counsel needed more time to review the CD and prepare for trial), and this delay lasted 35 days. When these 35 excludable days are subtracted from the 89 total days, Mr. Hill's trial began 54 days after he first appeared before a judge. That is well within the 70 days allowed by the Speedy Trial Act. Hence, the Speedy Trial Act's time restrictions were not violated.

Mr. Hill contests this characterization of events. The district court, according to Mr. Hill, did not grant a continuance to further the ends of justice. The court, rather, granted a continuance because the government refused to obey the standing discovery

5

order. Instead of obeying that order, Mr. Hill says, the government waited a month past the deadline and days before trial to deliver evidence in its possession. This caused a delay, which resulted from the government's lack of preparation, and federal courts cannot grant continuances because of "lack of diligent preparation" by the government. *See* § 3161(h)(7)(C). Therefore, Mr. Hill insists, the court improperly postponed the trial so as to give the government more time. Mr. Hill's argument, however, is incorrect.

Contrary to Mr. Hill's protestations, the district court did not postpone the trial because the government needed more time. As the court noted, it continued Mr. Hill's trial because Mr. Hill needed more "time to review evidence consisting of lengthy tape recordings." R. 1:56 at 2. It was Mr. Hill—and not the government—who asked for a trial continuance. And the court granted the motion specifically because the postponement served "the ends of justice." *Id.* True, Mr. Hill requested this extra time because the government furnished evidence days before trial, but he—and not the government—nonetheless requested the postponement.

If Mr. Hill felt that the government had ambushed him with this evidence, he had avenues of relief. For instance, district courts have broad authority to regulate discovery, and this authority includes the power to prevent the introduction at trial of improperly withheld evidence. *See* FED. R. CRIM. P. 16(d); *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008); *United States v. Turner*, 871 F.2d 1574, 1580 (11th

6

Cir. 1989). And, in fact, Mr. Hill initially sought this form of relief, asking that the court bar the recorded conversations at trial. *See* R. 1:Doc. 53 at 1–2. But Mr. Hill then abandoned this strategy and asked the court only for a continuance on the day the trial was to begin. *See* R. 1:55 at 1. He cannot now complain because the court granted his request.

## IV

Mr. Hill's conviction is affirmed.

**AFFIRMED.**

7